■ In the Matter of THE BAR CORPORATION, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination confirmed, with $50 costs. Bergan, P. J., Coon and Reynolds, JJ., concur; Herlihy and Taylor, JJ., dissent and vote to reverse and annul the determination of the board upon the ground that the facts relied upon did not constitute a transfer of a license within the provisions of section 111 of the Alcoholic Beverage Control Law.

■ In the Matter of the Claim of HERMAN BAIDA, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeal by the claimant from a determination of the Unemployment Insurance Appeal Board that claimant was disqualified from receiving benefits because of misconduct in violating a rule of the employer. The claimant worked as a camera man and he was required to keep an accurate work sheet of the time allocated to each job so that the employer could enter proper and correct time charges against its clients for work performed. The record discloses that while the claimant was at lunch around 8:40 P.M. some of the officers of the employer made an inspection trip. Upon examination of the time sheet of the claimant they noted that entries were made for work alleged to have been completed at 10:30 P.M. of the same evening and some two hours subsequent. The claimant was unable to give a valid explanation of the entries and because the accuracy of such information was vital to his employer's business, his services were terminated with the consent of the employees' union. The board determined that "Claimant's failure to adhere to a rule which was in the best interest of the employer constitutes misconduct in connection with employment". The issues on this appeal concern factual matters and the credibility of witnesses, the determination of which was in the sole province of the board. From our review of the record we are satisfied that the claimant had a fair hearing and there was substantial evidence to sustain the findings. Determination affirmed, without costs. Bergan, P. J., Herlihy, Reynolds and Taylor, JJ., concur.