◼ In the Matter of the Claim of CLARENCE C. HILL, Appellant. COCA COLA BOTTLING COMPANY OF NEW YORK, INC., Respondent. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 7, 1981, which affirmed the decision of an administrative law judge sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he lost his employment through misconduct. At the time of his separation, claimant was divisional manager of The Bronx branch of Coca Cola Bottling Company of New York, Inc. (Coke New York). For promotional purposes, Coke New York on occasion provided its customers with free samples of its soft drink products as well as theatre and sporting event tickets. Donations of merchandise were also made to nonprofit organizations. Claimant maintained that from the time he had been first employed, some nine years ago, it was the employer's practice to buy tickets and other items of value requested by supermarket managers, and to give store managers free cases of the company's product, but to treat these as donations to charitable organizations, such as churches. Each transaction was required to be approved by a manager and documented on a company record known as a "sampling ticket". The sampling ticket, which is the only record Coke New York keeps of these transactions, must specify the nature of the gift or donation and the name and address of the beneficiary. Claimant's contention that he was following company policy when he falsified sampling tickets was contradicted by the vice-

president in charge of Coke New York's Bronx branch, by six other Coke New York managers and even claimant himself when on cross-examination he acknowledged he had been instructed by his supervisor that sampling tickets were to be completed truthfully. After extensive hearings before it, the board determined that claimant had knowingly violated the company's policy by signing and approving sampling tickets containing information he knew to be false and that this constituted misconduct (*Matter of Baida* [*Catherwood*], 18 AD2d 945). As this appeal presents nothing more than the propriety of the board's resolution of alternative factual versions and the credibility of witnesses, and the evidence reasonably supports its choice, an affirmance is dictated (*Matter of MNORX, Inc.* [*Ross*], 46 NY2d 985). Decision affirmed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.